# J. M. Dickey, Appellant, v. F. W. Ghere, Appellee.

1. SALES—*what not essential to warranty.*   No exact words are necessary to constitute a warranty. If from all the circumstances in evidence, including the representations made by the vendor, the vendor has knowledge of the use for which the article sold is desired, a warranty is established and an action for its breach will be sustained.

2. INSTRUCTIONS—*predicated upon evidence.*   An instruction is erroneous which is not predicated upon any evidence in the cause.

3. INSTRUCTIONS—*must be confined to issues.* Instructions which are not confined to the issues in the cause and which are calculated to mislead are erroneous and should be refused.

4. INSTRUCTIONS—*must not be argumentative.*   Instructions argumentative in form and calculated to mislead are erroneous and should be refused.

Appeal from the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

JACK & DECK, for appellant.

MONTGOMERY & BOLAND, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

In this action appellant brought suit against appellee to recover damages for a breach of warranty of a separator and engine sold by appellee to appellant. The trial below resulted in a verdict and judgment against appellant for costs.

Appellee was for a number of years the owner of a threshing outfit which at the time of the contract with appellant relating thereto was stored in a barn at Bethany, in Moultrie county. Appellee placed the outfit in the hands of one Drake, a broker, for sale. Through his influence appellant was induced to go to Bethany

and look at the threshing outfit; appellee accompanied them from Decatur, Illinois.

The action is based upon an alleged warranty of the threshing outfit by appellee to appellant at the time he made the purchase. Appellant purchased the outfit for use in the state of Colorado, where the machine was shipped. Upon arrival it was proved to be utterly worthless for the purpose for which it was purchased. Appellant returned to Decatur, Illinois, and sued appellee for damages claimed to have been caused by reason of the alleged breach of warranty. The grounds urged for reversal of the judgment are that it is contrary to the evidence, that the court erred in the admission and rejection of evidence, and in giving and refusing instructions to the jury.

On examination of the record we find that appellee had for a number of years been engaged in operating the threshing outfit in question in Moultrie county; when purchased by appellant the outfit had been stored at Bethany, Illinois, for one season by appellee. Desiring to dispose of the outfit, appellee gave a written description of the property to one Drake who was a broker at Decatur, Illinois. Drake finally induced appellant, who was desirous of purchasing a threshing outfit for the purpose of taking it to the state of Colorado, to go to Bethany and look at this machinery. Upon this trip he was accompanied by appellee, Drake, and a machinist who went at the instance of appellee for the ostensible purpose of operating the automobile in which they made the journey. The barn at which the threshing outfit was located had but one entrance and it was impossible to make any thorough examination of the threshing outfit on that occasion. The record further discloses that appellee was informed by appellant of his object in purchasing the machinery and of the work it was expected to perform, that appellant was assured by appellee that the threshing outfit was practically new and in good condition and would do the

work expected of it, but that when put to the test in Colorado it failed to operate, that it was not a machine which could or would do the work for which it was purchased, that an expert machinist in Colorado had been employed for the purpose of attempting to put it in condition to do this work and that his efforts had resulted in a total failure, that the machinery was of no value except for junk, that it had been in use for ten or twelve years and was virtually worn out and the reason that appellee had ceased to use it in Moultrie county as a threshing outfit was because it could not be made to perform its work satisfactorily.

While no exact words are necessary to constitute a warranty, it is evident from this record that appellant purchased the machinery upon representations made by appellee, and that in doing so he relied upon these representations, and the statements made by appellee that the machinery was in good condition. That it would perform the work expected of it as described by appellant to appellee cannot be considered merely as representations; that the machine would not and did not perform the work which appellee assured appellant it would perform there can be no question. The verdict is clearly against the manifest weight of the evidence.

Upon the question of the giving and refusing instructions, the first instruction complained of and designated as first instruction given on behalf of defendant told the jury that no recovery could be had upon an implied warranty. This instruction was not based upon any evidence or any issue in this case. The issue was upon the question of an expressed warranty, and an implied warranty does not arise unless the machinery has been manufactured by and under the direction of the vendor for a special purpose and sold by him for a special purpose. This instruction could only tend to confuse the jury in determining the question of warranty. The next instruction complained of is desig-

nated as number three. It informed the jury that before the plaintiff could recover he must not only prove the warranty but must prove a breach of the warranty, and then specifically directs the jury that in order to prove that warranty it was necessary that appellant show that the statements alleged to constitute a warranty related to facts existing at the time of the sale. It also directs the jury to take into consideration the age and condition of the machine in determining whether or not appellee made an express warranty of this machinery; how this could in any manner assist in determining this question we are unable to perceive. We are unable to determine the object of this instruction. It could have been of no assistance in determining the issues involved in this cause, and should not have been given. Complaint is also made of the fourth instruction given at the instance of appellant. This instruction is erroneous for the same reason assigned to the third one. The sixth instruction is erroneous as being argumentative, as well as undertaking to inform the jury that certain statements made by appellee did not amount to a warranty. It is unnecessary to go into detail upon the criticisms made of the instructions given as a series on behalf of defendant; the instructions are so misleading and argumentative as to render them of little purpose in undertaking to define the law applicable to the facts in this cause.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*